# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOWNINGTOWN AREA** | : | Civil Action |
| **SCHOOL DISTRICT,** | : | |
| **Plaintiff** | : | **No. 2:20-0892 NIQA** |
| | : | |
| **v.** | : | |
| | : | |
| **D.S, by and through his parents,** | : | |
| **C.S. and C.S., and C.S. and C.S.,** | : | |
| **individually,** | : | |
| **Defendants** | : | **Hon. Nitza I. Quiñones Alejandro** |

## JOINT REPORT OF RULE 26(F) MEETING AND
## PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred and submit to Chambers the following report of their meeting for the Court's consideration.

## I.      Discussion of Claims, Defenses, and Relevant Issues

### A.      Plaintiff's Position

The Complaint is in the nature of an appeal from a final administrative ruling. Parents initiated the administrative proceeding, claiming the school district denies Student a free appropriate public education and seeking compensatory education and tuition reimbursement for parents' unilateral private school placement. The hearing officer limited parents' claims per the applicable statute of limitations, found the school district provided a Free Appropriate Public Education ("FAPE") prior to

parents' unilateral private school placement (and so denied compensatory education), and found the school district denied a FAPE for the time of unilateral private school placement (and so award tuition reimbursement).

The school district initiated this action to challenge the hearing officer's final decision to the extent she ruled against the school district. The underlying reasons involve various legal and factual errors outlined in the Complaint, for example, changing the issues for decision, and incorrectly substituting her opinion for those of educational professionals.

Parents filed an Answer and Counterclaim, generally denying the school district's assertions and challenging the hearing officer's final decision to the extent she ruled against them.

**B.      Defendant's Position**

Defendants ("Parents") initiated this Due Process action seeking reimbursement for D.S.'s private school tuition as well as compensatory education. They alleged that the District denied D.S. FAPE for the 2016-17, 2017-18 and 2018-19 school years. During the hearing, which took place during the summer and fall of 2019, the parties agreed to include Parents' allegations for the 2019-20 school year as well.

As set forth in their Answer and Counterclaim, Parents seek reversal of the IHO's interim decision limiting the timeframe for their claims, which was based on

her determination that Parents "knew or should have known" of the actions underlying these claims no later than the end of the 2015-16 school year. Parents assert that the IHO erroneously applied the IDEA's statute of limitations, as interpreted by the Third Circuit in *G.L. v. Ligonier Valley School District Authority*, 802 F.3d 601 (3d Cir. 2015).

Parents further challenge the IHO's finding that the District offered D.S. an appropriately intensive program for reading remediation during the 2016-17, 2017-18 and 2018-19 school years. They submit that the IHO made a clear factual error in describing the District's program.

## II. Initial and Informal Disclosures

The school district served initial disclosures on May 15, 2020.

Parents served initial disclosures on June 12, 2020.

## III. Formal Discovery

The administrative record custodian has filed the administrative record with the court.

The Parties agree that fact discovery is not needed on the merits of the FAPE action. Parents intend to request to submit additional evidence, in particular, an expert report regarding literacy. The school district may seek to submit its own additional expert report in response. The parties' proposed Scheduling Order

provides timelines for completing expert discovery and the mechanism for moving the court for permission to supplement the administrative record.

Parents' counterclaim includes an action for attorneys' fees as "prevailing parties" under the IDEA. They intend to submit a petition for fees and costs, and seek relevant fact discovery when and if such a petition and discovery are applicable.

## IV. Electronic Discovery

None expected.

## V. Expert Witness Disclosures

To be determined (*see* above, Section III).

## VI. Early Settlement or Resolution

The school district does not believe that a settlement conference will be productive. Parents are willing to participate in a settlement conference.

## VII. Motions

The parties anticipate filing either a stipulation to supplement the administrative record with specific items of additional evidence or, absent agreement, motions to submit additional evidence submission.

The parties propose that the entire case can be fully decided by motions for judgment on the (supplemented) administrative record, and propose the following suggested Scheduling Order.

1. Parents' expert report due on or before: August 21, 2020.

2. School district's expert report due on or before: September 18, 2020.

3. Expert depositions, if any, to be concluded on or before: October 16, 2020.

4. Stipulation or motion to supplement the administrative record on or before: October 30, 2020.

5. Responses, if any, to any motion to supplement the administrative record on or before: November 13, 2020.

6. Cross-motions for judgment on the (supplemented) administrative record: 45 days following the Court's decision on motions to supplement the record:

7. Briefs in opposition to motions for judgment on the administrative record: 30 days following the due date of cross-motions for judgement on the administrative record.

8. Reply briefs (if necessary): 15 days following the due date of briefs in opposition.

9. Fact discovery related to attorneys' fees, if applicable: within 30 days of the Court's order on cross-motions for judgment on the administrative record.

10. Petition for attorney's fees and costs: within 30 days of completion of fact discovery related to attorneys' fees.

## VIII. Trial Date

The parties agree that a trial is not necessary, and that this matter can be resolved through dispositive motions for judgment on the administrative record.

| | |
|---|---|
| */s/Karl A. Romberger, Jr.* | */s/Benjamin J. Hinerfeld* |
| Karl A. Romberger, Jr., Esquire | Benjamin J. Hinerfeld, Esquire |
| Counsel for Plaintiff | Counsel for Defendants |
| Sweet Stevens Katz & Williams, LLP | Law Offices of Benjamin J. Hinerfeld |
| 331 East Butler Avenue | 1528 Walnut Street, Suite 1100 |
| New Britain, Pennsylvania 18901 | Philadelphia, Pennsylvania 19102 |
| 215-345-9111 | 774-343-9195 |